HOWARD D. WOODS, Petitioner v. COMMISSIONER OF OF INTERNAL REVENUE, Respondent
Woods v. Commissioner
Docket No. 5287-78.
United States Tax Court
T.C. Memo 1980-137; 1980 Tax Ct. Memo LEXIS 451; 40 T.C.M. (CCH) 248; T.C.M. (RIA) 80137; April 23, 1980, Filed Howard D. Woods, pro se. Brad S. Ostroff, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined deficiencies in petitioner's Federal income tax for 1974 and 1975 in the amounts of $1,812 and $854, respectively. The sole issue is whether petitioner is entitled to take deductions for lodging, meal, and travel expenses incurred during such years as "away from home" expenses within the meaning of Code section 162(a)(2). [1]
FINDINGS OF FACT Some of the facts *452 have been stipulated and are so found. Petitioner gave his "present address" as Springerville, Arizona, at the time the petition herein was filed in 1978. He filed what purported to be a joint income tax return for 1974 with Linda L. Woods showing Kansas City, Kansas, as his home, and he filed what purported to be a joint income tax return for 1975 with the same woman showing Corpus Christi, Texas, as his home address. Petitioner has for many years, and during the years in issue, worked on various construction sites as an electrician and welder. Since 1969 he has been a member of the International Brotherhood of Electrical Workers, Local 278, in Corpus Christi, Texas, and through this union he obtained his jobs during the years before us. Petitioner has been married many times. In 1972 he married Linda J. Woods, but states that they have never lived together for more than two weeks at a time because they "don't get along." By 1973 petitioner and Linda J. were living apart most of the time and petitioner for the most part was living with Linda L. Woods who signed the joint returns here in issue with him. In 1974 petitioner worked on a total of 15 construction projects which *453 were at widely varying locations throughout the southern and western United States. He did not work in or around Kansas City, Kansas, during 1973 or during the years in issue, and he at no time instructed his union, or made any other attempt, to secure work in or around Kansas City, Kansas. In March 1974, petitioner's wife, Linda J., and their son Randy moved into her father's home in Kansas City, Kansas, and remained there until May 1975. Petitioner paid no rent or other living expenses to his father-in-law. He testified that he sent Linda J. $200 a week for her and Randy's living expenses but that he would not have sent her any money if she had not had his child. During 1974 petitioner visited Kansas City, Kansas, on two occasions--for four days near the 4th of July holiday, and for one weekend at Thanksgiving. For about seven months during 1974 Linda L. Woods was traveling with petitioner and living with him at the various construction sites. Petitioner claimed Kansas City, Kansas, as his "tax home" for 1974, and claimed away-from-home meals and lodging expenses of $4,433, and claimed 32,000 miles as business travel expenses of $3,949, for a total of $8,382--all of which *454 was disallowed by the statutory deficiency notice on the basis that petitioner was an itinerant. Substantiation of the amounts claimed by petitioner has not been raised by respondent for either the 1974 or 1975 tax year. Early in 1975 petitioner was working at his trade in Iowa. After a short while he took another job in Montana, and in May of 1975 he drove from Montana to Kansas City, Kansas, where he picked up his wife and they drove on to Corpus Christi, Texas, where petitioner had a mobile home. Linda J. stayed with petitioner in Corpus Christi for only about two weeks and then left him permanently. Petitioner considered Corpus Christi as his tax home and claimed no "away-from-home" expenses after returning there in May 1975. He claimed such expenses prior to his return to Corpus Christi in the amount of $2,339 for meals and lodging, and $2,318 for 16,000 miles, for a total of $4,657, all of which respondent disallowed in the statutory deficiency notice again on the ground that petitioner was an itinerant. With respect to the 1975 travel expenses, some portion of the 16,000 miles were in connection with petitioner's commuting to and from work in Corpus Christi, but the *455 record herein attempts no allocation. OPINION The disposition of this case depends entirely upon whether petitioner's living and travel expenses as claimed for the years in issue were incurred "while away from home in the pursuit of a trade or businss" as provided by section 162(a)(2). Such section provides, in pertinent part: SEC. 162(a) In General. --There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * *
(2) Traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * * It is now quite well established that a taxpayer cannot be "away from home" unless he has a "home" to be away from. Stated otherwise the "home" of a taxpayer without a permanent and fixed place of abode is located wherever he happens to be. In other words, he is an itinerant. ; , cert. denied *456 ; ; ; . In the instant case petitioner claims "away-from-home" expenses only until May 1975, when he moved to Corpus Christi. We see no reason to again review the various considerations regarding the deductibility of away-from-home expenses because the facts of the instant case demonstrate with such clarity that petitioner, until that time, had no home. As stated by Judge Friendly in : "It is enough to decide this case that "home" means "home" and Resenspan had none." Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as in effect during the years in question.↩